Environmental Court of Vermont
State of Vermont

================================================================
E N T R Y   R E G A R D I N G   M O T I O N
================================================================

In re Mansfield Prof. Bldg PRD Final Plat        Docket No. 260-11-07 Vtec
Project:     Mansfield Prof. Bldg. PRD
Applicant:   Springlet, Ltd.
                (Appeal from DRB determination on PRD final plat application.)

Title: Motion to Enforce Settlement Agreement (Filing No. 9)

Filed:       June 15, 2009

Filed By: Robert F. O'Neill and Ross A. Feldman, Attorneys for Appellant/
          Applicant Springlet, Ltd.

Responses in Opposition filed on 06/23/09 and 07/8/09 by Kimberlee J.
          Sturtevant, Attorney for Appellee City of Burlington.

Rely in Support of Motion filed on 07/10/09 by Ross A. Feldman, Attorney for
          Appellant/Applicant Springlet, Ltd.


_X_ Granted (in part)      _X_ Denied (in part)        ___ Other

        This appeal concerned the final plat approval for a 34-unit residential
development located at 183 St. Paul Street in the City of Burlington ("City")
and owned by Applicant Springlet, Ltd. ("Applicant").   As the case was
proceeding towards trial, the parties advised the Court that they had reached
agreement on revisions to the proposed development.   With the agreed-upon
revisions, the parties advised the Court that final plat approval could be
granted and that the project could proceed to development.  By its March 16,
2009 Judgment Order, the Court approved the parties' joint motion for issuance
of final plat approval.

        Applicant thereafter requested that the City issue the zoning permit that
was authorized by the final plat approval issued by this Court.   In response,
the City advised that it had recently recalculated the application fees
Applicant previously paid and that, when the resulting new amount due was added
to additional fees now due, Applicant owed the City a total of $17,047.89 in
recalculated and additional fees.[1]  The City further advised that it would not
issue the requested zoning permit until all such fees were paid.  The City does
not dispute that Applicant is otherwise fully entitled to the issuance of the
requested zoning permit.

        In response, Applicant filed an emergency motion, requesting that the
Court enforce the parties' Settlement Agreement by directing the City to issue
the  requested  zoning  permit,  without  requiring  Applicant  to  pay  the

---

[1] Applicant submitted a copy of the City's summary of its recalculation of the
application fees now due as Applicant's Exhibit 2.  A copy of Exhibit 2 is
attached to this Entry Order for purposes of clarity.

recalculated and additional fees.  Applicant specifically referred the Court to Section 4 of the Settlement Agreement, in which the parties memorialized their agreement that "a site plan and conditional use permit for the revised Project" should be issued.[2]  The City opposed this emergency motion, and asserts that Applicant must pay the additional $17,047.48 in fees before the requested permit may issue.

In its opposition to Applicant's motion, the City argues that this Court does not have the authority to adjudicate the appropriateness of assessed application fees, as fees were not challenged by the Statement of Questions filed by Applicant in the previously concluded appeal.[3]  This Court is mindful of its duty to constrain itself to the issues presented in the Statement of Questions.  See V.R.E.C.P. 5(f).  However, we find that the issue of fees presented here by Applicant's emergency motion is properly within our authority as the Court that accepted the Settlement Agreement that the City jointly filed and requested that the Court approve.

At the heart of Applicant's request is an assertion that the City bargained away its right to collect these fees.  For the reasons more fully stated below, we agree with Applicant's interpretation, at least as to the application fees previously paid, but conclude that the City is entitled to demand payment for fees that were not yet due or paid at the time that the parties filed their Settlement Agreement with the Court.

The question of the legality of the application fees claimed by the City is complicated by two characteristics of the approved development, the first not at all unique to the City and the second perhaps so.  First, approval for a project of the type proposed here requires two separate applications: an applicant must first apply for and receive preliminary plat approval before it may apply for or receive final plat approval, both of which must be obtained before a zoning permit is issued.  See City of Burlington Subdivision Regulations ("Regulations") at § 28–6(a). Second, the City appears to have changed its application fee collection procedure.  The record before us appears to suggest that the procedure once required the payment of fees at the time of application.  The City later, perhaps after Applicant submitted its preliminary plat application, but before Applicant requested issuance of its zoning permit, changed the procedure to require application fees to be paid after approval and before issuance of the zoning permit.

The issue currently in dispute reveals two further complicating factors: first, the City's schedule for application fees for preliminary and final plat applications affords two alternatives of how a fee is to be calculated.  The City allows itself the discretion to collect an application fee based upon either the proposed project's number of units or estimated construction costs, whichever results in a higher application fee.  When the City first collected the application fee from Applicant on February 22, 2007, it collected the fee based upon construction costs; the total fee collected was $4,535.20.

---

[2]  Applicant had previously filed a copy of the parties' Settlement Agreement; another copy was submitted as Applicant's Exhibit 1 in support of its emergency motion.

[3]  There is some irony in the City's assertion here, since at the time of the filing of Applicant's Statement of Questions, the City had not given notice of its recalculation of the preliminary and final plat application fees.

Second, the City also charges a "Development Review Fee" ("DRF") for each of the preliminary and final plat review processes. Again apparently using the estimated construction cost approach, the City first collected a DRF fee for Applicant's preliminary plat application of $2,654.36; Applicant paid this fee on March 8, 2007.

When Applicant subsequently requested confirmation that it had paid its application fees in full, the City confirmed that it had. It was only after Applicant had completed the final plat review process and requested its zoning permit that the City, on June 2, 2009, announced that it was recalculating the preliminary plat application and DRF fees and that Applicant now owed additional fees of $9,663.24.

As the attached Exhibit 2 suggests, the City also then gave notice of additional final plat application fees now due. The City advised that while it had assessed the final plat application fees at $9,485.15, which Applicant paid on August 22, 2007, in connection with the filing of its final plat application, the City had now recalculated the final plat application fee and determined that Applicant owed an additional $731.85. Further, the City advised that a final plat DRF fee of $6,6652.80 was due. Applicant concedes that it has yet to pay a final plat DRF fee.

We conclude that the City is precluded from revisiting the issue of preliminary and final plat application fees by its settlement with Applicant and this Court's issuance of the final plat approval, jointly requested by Applicant and the City. While the City is correct in its assertion that the Settlement Agreement does not specifically speak to fees, § 4 specifically directs that, in connection with the parties' settlement, the zoning permit must issue. Further, the parties confirmed by § 5 of the Settlement Agreement that the Agreement "embodies the [parties'] entire agreement and understanding . . ., and [that] there are no covenants, promises, agreements, <u>conditions</u> or understandings, oral or written, except as herein set forth." <u>Id</u>. (emphasis added). We interpret this provision as precluding the City from recalculating previously paid application fees. To the extent that the City would have been entitled to collect additional fees, the City waived that right by accepting and agreeing to §§ 4 and 5 of the Settlement Agreement. Stated differently, we conclude that the City had an affirmative duty in the negotiation and settlement process to check its calculations and give notice to Applicant of its recalculation of the previously paid application fees before it entered into a Settlement Agreement that contained a provision such as § 5. In reaching this conclusion, we have relied upon the span of time between when the fees were paid and when the City gave notice of its recalculation (from 18 to 22 months) and the City's previous assurances, not refuted during the settlement negotiation process, that the fees had been paid in full.

Applicant and the City engaged in extensive negotiations and mediation in order to reach the Settlement Agreement. Applicant testified at the June 23, 2009 hearing that the City had previously agreed that Applicant had paid all necessary application fees. The City's own admission that it only realized Applicant owed additional application fees on June 2, 2009, well after the construction and approval of the Settlement, buttresses Applicant's assertions. To allow the City to withhold what it promised to provide in the Settlement Agreement, and which had already been approved by this Court, would erode the finality and import of such settlement agreements between Vermont municipalities and project developers.

The City, in its supplemental opposition, also moves this Court to dissolve the Settlement Agreement on the basis of mistake per V.R.C.P. 60(b). While we do not doubt the honest nature of the City's mistake nor the earnest needs of the City that application fees—such as the additional fees sought here—help to accommodate, we do not believe that the instant case merits the draconian measure of dissolving the Settlement Agreement. Such agreements, reached after careful and thoughtful deliberation by the parties, should not be disturbed lightly. As highlighted by Applicant, relief under Rule 60(b) is not appropriate where the parties have reached a settlement and one party subsequently becomes dissatisfied with the results of the bargain.[4] Here, the result of the Settlement was the grant of final plat approval and the City's agreement to provide the site plan and conditional use permit. Our conclusion estops the City from revisiting the issue of preliminary and final plat application fees. We do not find sufficient grounds to merit dissolving the parties' Settlement, solely so that the City may revise its fees.

For these reasons, we hereby GRANT Applicant's motion and ORDER the City to issue Applicant the appropriate site plan and conditional use permit. In granting Applicant's motion, we only preclude the City from collecting the fees it recalculated after Applicant had previously paid and been assured of payment being complete. Our Order here does not pertain to the final plat DRF fee that the City had yet to calculate and Applicant had yet to pay. In making this determination, we rely upon the record before us, which confirms that Applicant had yet to pay this fee and that the City, in the interim time period, had revised its procedure for collecting such fees, so that they were not to be paid until receipt of the zoning permit.[5]

The City's request for relief under rule 60(b) is DENIED.

_____          ___August 31, 2009___
    Thomas S. Durkin, Judge                            Date

===============================================================================
Date copies sent to: _____          Clerk's Initials _____

Copies sent to:
    Attorney Ross A. Feldmann for Appellant Springlet, Ltd.
    Attorney Kimberlee J. Sturtevant for Appellee City of Burlington
    Interested Person Lori J. Lewis

---

[4] In the Second Circuit, dissolution of settlement agreements under Rule 60(b) is not appropriate except in "extraordinary circumstances" where it is in the "interest of justice." Andrulonis v. U.S., 26 F.3d 1224, 1235(2d Cir 1994). Here, we do not believe that a two-year-old accounting error by the City resulting in a loss of additional application fees is an extraordinary circumstance. Nor do we believe that allowing the City to dissolve the Settlement in these circumstances, thereby eroding the efficacy and finality brought by settlement agreements between cities and developers, will further the interests of justice. We conclude that upholding the Settlement and requiring the City to abide by its bargain will better serve the interests of justice by withholding this Court's approval of an attempt by a municipality to rejuvenate long-settled development application fees.

[5] Applicant also conceded at the June 23, 2009 hearing that it had not yet paid an impact fee, because such fee had not yet become due, and that it remains liable for the impact fee.